Harold U. JIM, Plaintiff—Appellant,

v.

COUNTY OF HAWAII, Defendant,

and

Officer Richard Carter; Officer James H. Jerrold; Officer Scott Kurashige, Defendants—Appellees.

No. 00–16979.

D.C. No. CV–99–00196–DAE(BMK).

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2002.*

Decided March 26, 2002.

Before SNEED, BRUNETTI, and T.G. NELSON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

## I. OVERVIEW

Harold U. Jim ("Jim") appeals pro se the district court's grant of summary judgment in favor of defendants-three police officers for the County of Hawaii (collectively, "Defendants"). Jim brought this 42 U.S.C. § 1983 action against Defendants, alleging that the officers' use of pepper spray during Jim's arrest constituted excessive force in violation of the Fourth Amendment. In his appeal, Jim alleges that the district court improperly excluded evidence when it refused to accept his unsworn affidavit containing inadmissible hearsay and unauthenticated documents. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## II. STANDARD OF REVIEW

We review de novo both a grant of summary judgment and a determination regarding qualified immunity. *Lite–On Peripherals, Inc. v. Burlington Aire Express, Inc.*, 255 F.3d 1189, 1192 (9th Cir.2001) *and Robinson v. Prunty*, 249 F.3d 862, 865–66 (9th Cir.2001). "Viewing the evidence in the light most favorable to the nonmoving party," this Court must determine "whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." *Far Out Prods., Inc. v. Oscar*, 247 F.3d 986, 992 (9th Cir.2001). We review the district court's exclusion of evidence, however, for an abuse of discretion. *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir.1999).

## III. EXCLUSION OF EVIDENCE

Because Jim is a pro se litigant, the district court liberally afforded him several opportunities to file correctly the supporting evidence. On July 18, 2000, summary judgment proceedings were held. Jim represented himself and alleged facts in direct contradiction to the evidence of Defendants. However, Jim provided no admissible evidence to support his version of the facts. The court continued Defendants' summary judgment motion until September 6 and provided Jim a deadline of July 25 for filing evidence to support his § 1983 claim against Defendants. Jim did not meet the court's deadline. Instead, Jim filed his affidavit on September 7, one day *after* the postponed summary judgment hearing. Even though Jim's submission was dilatory, the district court examined the documents for admissibility. Jim's affidavit was not duly sworn and contained unsworn bystander statements and an unsworn and unauthenticated police report. Finding Jim's evidence to be based on hearsay, the court declined to consider it.

 A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988) (citing Fed. R. of Civ. Pro. 56(e)). Because Jim's affidavit and the documents attached to it were unsworn, the district court did not abuse its discretion by failing to consider his evidence. See Fed.R.Evid. 56(e), 901, 902.

## IV. EXCESSIVE FORCE CLAIM

Based on the admissible evidence, there is no triable issue of fact regarding Defendants' use of force in Jim's arrest. Moreover, Defendants are protected by qualified immunity.

### A. Background

The admissible evidence reveals the following relevant facts: Officers Richard Carter ("Carter"), James Jerrold ("Jer-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

rold"), and Scott Kurashige ("Kurashige") responded to a 911 call, reporting a domestic argument. When they arrived at the home of Cheryl Beshore ("Beshore"), Carter was first greeted on the outside patio at the top of a flight of stairs by Beshore and her daughter. They told Carter that a domestic quarrel had occurred between Jim (Beshore's former boyfriend) and Beshore's family in which Jim had exhibited violence. They informed Carter that Jim remained upset and angry and had threatened to harm any police officer that was called.

At this time, Jim appeared at the bottom of the stairs, screaming and yelling and gesturing wildly with his arms. Jim started climbing the stairs toward Carter, yelling, "I'm gonna kick his ass." Carter immediately ordered Jim to "Stop! Stop where you are!" Jim ignored Carter, continuing rapidly up the stairs, stating, "What, are you going to arrest me?! Are you going to take me away?!" Jim continued up the stairs with his fists curled and raised for attack. Carter removed his pepper spray canister from his holster and warned Jim to stay back or he would spray. When Jim ignored this command and continued toward Carter with his hand raised in a striking position, Carter sprayed Jim in the face with one short burst of pepper spray. Jim immediately ran back down the stairs and into the house to wash his eyes. After washing the spray out of his eyes, Jim recovered and did not seek medical assistance. Now subdued, Jim was arrested for domestic abuse by Officer Jerrold. Officer Kurashige was present but did not interact with Jim during the pepper spray or later arrest.

### B. Qualified Immunity and the Fourth Amendment

Qualified immunity protects government officials from liability for civil damages as long as their conduct "does not violate clearly established statutory or constitu-

tional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (citations omitted). In determining whether Defendants are protected by qualified immunity, we must first examine whether the alleged facts demonstrate that their conduct violated Jim's constitutional rights. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

The Fourth Amendment allows police officers to use "objectively reasonable" force to effectuate an arrest. *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). We recently noted that the use of pepper spray "may be reasonable as a general policy to bring an arrestee under control." *LaLonde v. County of Riverside,* 204 F.3d 947, 961 (9th Cir.2000). The admissible evidence shows that Jim threatened to harm Officer Carter and was advancing rapidly towards him with his hand raised in a striking motion. Carter warned Jim that he would use the pepper spray if Jim did not stop. Carter used only one short burst of pepper spray, and Jim was arrested several minutes later after he had rinsed out his eyes and calmed down. Under these circumstances, Carter's use of the pepper spray was not unreasonable so as to constitute excessive force violating the Fourth Amendment.

Officers Jerrold and Kurashige did not use force in Jim's arrest and have thus committed no constitutional wrong. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Because Defendants committed no constitutional violation, they are protected by qualified immunity.

AFFIRMED.